# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

ANTHONY T. MORRIS,

    **Plaintiff,**

 v.                                     **Case No. 23-cv-011**

BRUCE BUEGE, *et al.*,

    **Defendants.**

---

### ORDER

---

Plaintiff Anthony T. Morris, who is incarcerated at Waupun Correctional Institution and representing himself, brought a lawsuit under 42 U.S.C. § 1983. (ECF No. 15.) Morris was allowed to proceed on an Eighth Amendment conditions of confinement claim alleging he was served food with mice feces in it on several occasions within a ten-day period. He also alleged that two defendants failed to provide him proper medical care following his ingestion of the contaminated food. Most recently, the court asked for supplemental briefing on the question of the medical-care claim, the defendants having not briefed that issue during their summary judgment briefing.

The defendants' response concedes that there has been some confusion in this case about what the plaintiff alleges. The short version is that both the court and the defendants have, at times, addressed only *one* of the plaintiff's two claims. Relevant

here is that at the exhaustion stage, the court denied the defendants' motion, finding that it was clear that the defendants were on notice that Morris believed there was a rodent problem in the kitchen and mice feces in the food. (ECF No. 55.) Now, however, it has become equally clear that the court's order failed to consider the defendants' exhaustion-of-remedies argument with respect to the plaintiff's *other* claim based on denial of medical care. The defendants now convincingly point out (as they did earlier) that there are no inmate complaints in the record indicating that the plaintiff ever complained to staff about his medical care relating to the mice feces issue. Accordingly, that claim, which is all that remains in this action, will be dismissed for failure to exhaust. I therefore do not address whatever merit that claim might have.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for reconsideration (ECF No. 102) is **GRANTED**. The court reconsiders its original ruling on exhaustion and will dismiss the remaining claim for failure to exhaust. This ruling also moots the issue that was left open by the court's ruling (ECF No. 95) on the defendants' motion for summary judgment (ECF. No. 66). ECF No. 66 should therefore be marked as resolved. The clerk will enter judgment that (1) the conditions-of-confinement claim is **DISMISSED** with prejudice against defendants Buege, Johnson, Stevens and Schmidt; and (2) the medical-care claim is **DISMISSED** without prejudice against defendants Jones and Sabel.

2

Dated in Milwaukee, Wisconsin this 30th day of March, 2026.

Stephen C. Dries

STEPHEN DRIES
United States Magistrate Judge

3